IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02603-BNB

CLIFFORD N. WOODS,

Applicant,

v.

LARRY REID, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS

---

I. Background

Applicant, Clifford N. Woods, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Four Mile Correctional Center in Cañon City, Colorado. Mr. Woods, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Upon review of the Application, Magistrate Judge Boyd N. Boland determined that Mr. Woods was challenging the validity of his conviction and sentence in two Colorado state criminal proceedings and directed Mr. Woods to file his claims on a Court-approved form used in filing 28 U.S.C. § 2254 actions. Mr. Woods filed a § 2254 Application on December 23, 2009.

In an order entered on January 5, 2010, the Court directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On February 16, 2010, Respondents filed a Pre-Answer Response.

Mr. Woods filed a Reply on February 26, 2010.

Mr. Woods is challenging his state court convictions in El Paso County, Colorado Case Nos. 07CR243 and 05CR1843. (Application at 2.) Mr. Woods asserts that in Case No. 07CR243 he was sentenced to twenty-four months of incarceration at the county jail and in Case No. 05CR1843 he was sentenced to four years of incarceration in the DOC and to three years of parole. (*Id.*) Mr. Woods also states he has filed a direct appeal that has been inordinately delayed, but he does not indicate in which case the appeal is pending. (*Id.* at 2-3.) Mr. Woods further states he has filed three postconviction motions in the trial court that were denied, but he did not appeal the denials. (*Id.* at 4.)

Mr. Woods raises three claims in the instant action, including a violation of his speedy trial rights, a lack of jurisdiction by the trial court, and a denial of presentence confinement credit. Mr. Woods does not identify which conviction he is challenging with respect to these claims.

Citing **Garlotte v. Fordice**, 515 U.S. 39 (1995), Respondents assert that even though Mr. Woods has fully served his sentence in Case No. 07CR243 he remains in custody for the purposes of 28 U.S.C. § 2254(a) and is entitled to attack both judgments because the sentences are consecutive. (Pre-Answer Resp. at 2.) In Case No. 05CR1843, Respondents assert that Mr. Wood pled guilty to a single count of witness tampering, was sentenced to a four-year prison sentence that was suspended in favor of probation on May 1, 2006, and did not file a direct appeal of the sentence and judgment. (*Id.*) In Case No. 07CR243, Respondents state that a jury found Mr.

Woods guilty of misdemeanor charges on December 19, 2007. (*Id.* at 3.) As a result, a joint sentencing and probation revocation hearing was held on February 25, 2008, during which his probation was revoked in Case No. 05CR1853, and he was sentenced to four years of incarceration in the DOC to be served consecutively to the twenty-four month jail sentence imposed in Case No. 07CR243. (*Id.* and Ex. B (LexisNexis Docket for Case No. 07CR243) at 14.) Mr. Woods filed a notice of appeal in Case No. 07CR243 on March 28, 2008. (*Id.*) Through counsel, Mr. Woods filed an opening brief on December 30, 2009, (*see* Pre-Answer Resp. at Ex. D), and the State's answer brief is due by June 1, 2010. (Pre-Answer Resp. at 3.)

II. Analysis

The Court must liberally construe Mr. Woods' Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

A. Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing

3

> an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents contend that the claim is time-barred because the factual predicate for Claim Three is the revocation of Mr. Wood's probation on February 25, 2008, and time was not tolled for the purposes of § 2244(d) from February 25 until October 28, 2008; January 3 until January 27, 2009; and May 5 until June 22, 2009, when the limitation period expired. (*Id.* at 9-11.) The Court agrees Claim Three is untimely but disagrees with Respondents regarding when time was tolled and the date the one-year time limitation ran under § 2244(d).

Claim Three pertains to Case No. 05CR1843. The presentence credit Mr. Wood contends he was denied involves the time he was on probation pursuant to his sentence in Case No. 05CR1843. Upon review of the Lexis/Nexis Courtlink Docket of

4

Case No. 05CR1843, Exhibit A of Respondents' Pre-Answer Response, the Court finds Mr. Woods' probation was revoked on February 25, 2008, as Respondents assert. Mr. Woods did have an appeal pending in Case No. 05CR1843 when his probation was revoked, but the appeal was dismissed on March 19, 2008 as untimely.

Even though, as Respondents argue, the time may not be tolled while the untimely appeal was pending, Mr. Woods had until April 10, 2008, or forty-five days from February 25, to appeal the revocation of his probation, *see* Colo. App. R. 4(b), and the time is tolled for those forty-five days regardless of whether he appealed. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, the time is tolled until April 10, 2008, but is not tolled from April 11, the day after the time expired for Mr. Woods to appeal the revocation of his probation, until October 27, 2008, the day prior to when he filed his postconviction motion. Thus, by October 27, 2008, there was a total of 200 untolled days.

Time also was tolled from October 28, 2008 until January 2, 2009, when the time ran for Mr. Woods to appeal the trial court's denial of his October 28 postconviction motion.[1] Mr. Woods subsequently filed a motion to correct his sentence on January 27, 2009, but the time was not tolled from January 3 until January 26, 2009, a total of twenty-four days. The trial court denied the January 27 motion on February 13, 2009, and tolling continued until March 30, 2009, when the time expired to appeal the trial

---

[1] Respondents refer to a motion filed on November 25, 2008, but contend the motion does not toll the time under § 2244(d) because it was not properly filed. Mr. Woods does not disagree with Respondents' assertion  The Court, therefore, for purposes of § 2244(d), will not include the time during which the November 25 motion may have been pending in state court because the motion was not properly filed.

5

court's denial of the January 27 motion. However, on March 30, Mr. Woods had habeas petitions pending in the state trial court. The petitions were denied on March 18, 2009, and the time expired to appeal these petitions on May 4, 2009. The time, for purposes of § 2244(d), was not tolled from May 5, 2009, forward.

Because the time was not tolled for 224 days (including the time from April 11 until October 27, 2008 and the time from January 3 until January 26, 2009), the one-year limitation period expired, for the purposes of § 2244(d), 141 days after May 4, 2009, i.e. on September 22, 2009, not on June 22, 2009, as Respondents assert. Mr. Woods did not date and sign the instant application for filing in this Court until October 28, 2009, thirty-six days after the one-year time limitation expired. Therefore, Claim Three is time-barred under § 2244(d).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Woods bears the burden of

demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Woods fails to allege sufficient facts that might justify equitable tolling of the one-year limitation period with respect to Claim Three. In the Application, on Page Seven, under Section "F. Timeliness of Application," Mr. Woods states that "[t]he limitation period cannot commence until there is a right to pursue collaterall [sic] attack- *People v. Manzanares*." It is not clear what Mr. Woods is attempting to argue regarding timeliness under § 2244(d), and he does not provide a full citation of *Manzanares*. The Court, however, has reviewed Westlaw and found at least three State of Colorado cases involving either a Wayne, Justin, or Antonette Manzanares, but none of the three are reported cases. Without more, Mr. Woods fails to provide legal support for any equitable tolling argument he may be asserting.

Nonetheless, Mr. Woods also had the opportunity to reply and state why the time should be tolled for purposes of § 2244(d). The Court has reviewed Mr. Woods' Reply. Mr. Woods' claims are disjointed and do not clearly identify which case he is discussing. Although Mr. Woods attempts to provide a history of the proceedings in each of his cases in state court, he does not present an argument in his Reply that opposes Respondents' assertion that Claim Three is untimely. Mr. Woods also does not assert facts that might justify equitable tolling of the one-year limitation period with respect to this claim. Therefore, Claim Three will be denied as time-barred under 28 U.S.C. § 2244(d).

## B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See **Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); *see also **Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," ***Picard***, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See **Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner

8

bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that, although Mr. Woods fails to identify in Claim One which conviction he is challenging, it appears he is challenging his conviction in Case No. 07CR243. (Pre-Answer Resp. at 13-14.) Mr. Woods does not oppose Respondents' assertion. Respondents further assert that Claim One, a speedy trial violation claim, is currently before the Colorado Court of Appeals in Case No. 08CA659. (Pre-Answer Resp. at 14 and Ex. D.) Respondents, therefore, conclude that Mr. Woods has not exhausted Claim One.

Mr. Woods' Reply is not a model of clarity. It appears, however, that Mr. Woods claims his appeal in Case No. 07CR243 has been inexcusably and inordinately delayed. (Reply at 6.) Mr. Woods contends that his notice of appeal in Case No. 07CR243 was filed on March 28, 2008, but his opening brief was not filed until December 30, 2009, one year and six months[2] later, and the answer brief is not due until June 1, 2010. (Reply at 5.) Relying on *Harris v. Champion*, Mr. Woods asserts that the delay gives rise to an independent due process violation. (Reply at 6.) Mr. Woods also asserts that due to the inordinate and inexcusable delay he has not exhausted his state-court remedies. (Application at 3.)

On March 18, 2010, Magistrate Judge Boland directed Respondents to file a Supplemental Response and address Mr. Woods' inordinate and inexcusable delay

---

[2] The opening brief actually was filed one year and nine months after Mr. Woods filed his notice of appeal.

9

argument as it applies to Claim One. Respondents filed a Supplemental Response on March 31, 2010, and Mr. Woods filed a Reply on April 15, 2010.

In the Supplemental Response, Respondents contend that from (1) March 28 to August 5, 2008 (130 days); (2) September 15, 2008, to March 23, 2009 (188 days); March 23 to September 18, 2009 (179 days); and (4) September 18 to December 30, 2009 (103 days), which is a total of approximately 600 days, Mr. Woods or his appointed counsel caused Mr. Woods' appeal to be postponed due to the need for extensions of time to obtain the trial court record or to submit the opening brief. (Supp. Resp. at 7.) Respondents further contend that in granting the numerous extensions of time, the Colorado Court of Appeals clearly did not abandon the appeal. (*Id.*) Respondents conclude that Mr. Woods is unable to demonstrate that the exhaustion requirement should be excused. (*Id.*)

For the most part, Mr. Woods' Reply to the Supplemental Response asserts brief, generic responses regarding inordinate and inexcusable delay. Mr. Woods, however, asserts specifically that the inordinate and inexcusable delay was caused by the state's delay in turning over needed trial transcripts. (Reply to Supp. Resp. (Sec. Reply) at 1.) He also appears to assert that his appellate counsel withdrew on April 9, 2008, that his counsel was ineffective for not filing an appeal, and that he had to file his appeal *pro se*. (*Id.* at 4.) Mr. Woods further argues that ineffective assistance of appellate counsel may "constitute cause for a procedural default." (*Id.*)

The Tenth Circuit Court of Appeals has held that unjustified delay by a state court in adjudicating a direct criminal appeal may give rise to both a due process

10

violation and relief from the exhaustion requirement itself. *Harris v. Champion (Harris II)*, 15 F.3d 1538, 1557 (10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B)(ii) (a § 2254 habeas application may be granted when state process would be ineffective to protect applicant's rights). A delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay." *Harris v. Champion (Harris III)*, 48 F.3d 1127, 1132 (10th Cir. 1995).

Mr. Woods' situation is similar to the applicant in *Fletcher v. Golder, et al.*, 175 Fed. Appx. 269, 2006 WL 1401638 (10th Cir. May 23, 2006). In *Fletcher*, applicant's appeal had been pending in the state court of appeals for over two years. *Fletcher*, 175 Fed. Appx. at 271. The attorney in *Fletcher* requested various extensions of time to obtain missing trial transcripts and records he considered necessary, to substitute new counsel, and to file appellate briefs. *Id.* The Tenth Circuit found in *Fletcher* that the two-year presumption had been rebutted because (1) the court of appeals had not abandoned Mr. Fletcher's appeal; (2) counsel's requests for extensions of time were to obtain records necessary for the appeal; (3) the court required status reports on the progress in obtaining records; and (4) additional extensions were denied to file an opening brief. *Id.*

Here, Mr. Woods filed a *pro se* notice of appeal on March 28, 2008. (Pre-Answer Resp., Ex. B at 14.) On April 7, 2008, the Colorado Court of Appeals appointed

the Public Defender to represent Mr. Woods and ordered the record due by June 26, 2008. (*Id.* at Ex. K.) On April 9, 2008, the Public Defender moved to withdraw, and the court of appeals granted the motion on April 18, 2008. (*Id.* at Exs. L and M.) Also on April 9, the Public Defender sent a letter to Mr. Woods informing him of the motion to withdraw and to appoint conflict-free counsel. (*Id.* at Ex. L.) Furthermore, a copy of the court of appeals' order granting the Public Defender's Motion to withdraw and appointing the Office of Alternate Defense Counsel was sent to the Public Defender. (*Id.* at Ex. M.) Counsel from the Office of Alternate Defense, however, did not enter an appearance until August 5, 2008, almost four months after the court directed the Office of Alternate Defense Counsel to provide counsel. (*Id.* at Ex. P.)

Prior to counsel's entry of appearance, the court of appeals entered an order to show cause on July 14, 2008, instructing appellant to show cause why the appeal should not be dismissed for failure to file the record by the June 26 due date. (*Id.* at Ex. N.) The Office of Alternate Defense Counsel filed a response on July 17, 2008, along with an affidavit by the office of the clerk of the court for the trial court. (*Id.* at Ex. O.) The affidavit indicates that the designation of the record was not filed with the state district court and that it was not clear what was requested to complete the record. (*Id.*)

On three occasions, from September 8, 2008, until February 20, 2009, counsel for Mr. Woods sought extensions of time to supplement the record. First, counsel requested a forty-five day extension of time to supplement the record because Mr. Woods without advice from legal counsel prepared the initial designation of the record and failed to designate trial transcripts as part of the record. (*Id.* at R.) Appellate

counsel submitted a second request on November 24, 2008 (*Id.* at Ex. T) and a third request on February 4, 2009 (*Id.* at Ex. V) because the managing court reporter for El Paso County District Court needed additional time, a total of ninety days, to provide the trial transcripts.

The supplemental record was received by the court of appeals on February 20, 2009, and the opening brief then was due on March 23, 2009. (*Id.* at Ex. X.) Counsel asked for an extension of time until April 6, 2009 to prepare an opening brief (*Id.* at Ex. Y) and, on April 6, 2009, requested another extension because the record received by counsel on February 20, or thereafter, did not include all of the trial transcripts (*Id.* at Ex. AA). The court of appeals granted the extension of time to file a supplemental record on May 29, 2009, allowing thirty days to supplement and thirty days from the date the supplemental record was filed to submit an opening brief. (*Id.* at Ex. BB.)

Counsel filed a request for substitution of counsel on July 15, 2009, claiming conflict of interest with her continued representation of Mr. Woods and identifying another attorney from the Office of Alternate Defense Counsel for the substitution. (*Id.* at Ex. CC.) The supplemental record was submitted to the court on August 19, 2009. (*Id.* Ex. EE.) The court of appeals ordered that an opening brief be filed on September 18, 2009; substitute counsel filed for an enlargement of time to file such brief on September 18; and subsequently filed a motion to withdraw on September 25, 2009. (*Id.* at Exs. EE, FF, and GG.) The court of appeals denied the motion to withdraw, directed counsel to confer with Mr. Woods and inform him that if counsel is allowed to withdraw he will be required to proceed *pro se*, and ordered that an opening brief be

filed in forty-five days, i.e. on December 10, 2009. (*Id.* at Ex. II.) Counsel filed one last request for an extension of time and then filed the opening brief on December 30, 2009. (Pre-Answer Resp. at 7 and Ex. JJ.)

The appeal now has been pending in the court of appeals for over two years. Nonetheless, based on the findings set forth below, the majority of time from March 28, 2008 until December 30, 2009, as in *Fletcher*, is not attributable to the State causing an inordinate and deliberate delay, but is rather attributable to Mr. Woods and his counsel and to a justifiable delay by the state court reporters in providing trial transcripts.

The Court finds that, although from April 18 until August 5, 2008 counsel from the Office of Alternate Defense Counsel was remiss in entering an appearance, Mr. Woods was on notice as early as the end of April 2008 that counsel was appointed in his appeal and he was responsible in accordance with Colo. App. R. 5(b) to either prepare for all appellate proceedings or secure counsel to prepare for the proceedings. Mr. Woods does not assert that prior to counsel making an appearance in August he attempted to contact the Office of Alternate Defense Counsel and inquire about the status of his case and to seek assistance regarding the provision of the record to the court of appeals. Therefore, from April 18 until August 5, 2008, the cause for any associated delay is not due to the State but to Mr. Woods and appointed counsel.

Also, as stated above, Mr. Woods' counsel requested various extensions of time to obtain missing trial transcripts and records she considered necessary for the appeal. Each of the extensions of time for the trial transcripts requested by counsel were for definite periods of time and were submitted to the court of appeals without delay. The

14

designation of the record that counsel submitted to the trial court along with the first request for an extension of time identified with specificity what records were required. (Supp. Resp. at Ex. R.)

Including the time from when counsel first asked for a supplemental designation of the record until the time when the supervising court reporter for appeals provided the designated record as requested by counsel the time was approximately eleven months. (Supp. Resp. at Ex. B.) At least two of the extensions of time to provide the record by the supervising court reporter appear substantiated because court reporters who no longer worked for the court needed to be contacted and arrangements had to be made for four different reporters to transcribe several different hearings. (Supp. Resp. at Exs. T and V.) The delay caused by the two extensions is justified under the facts and circumstances.

The final request by court-appointed counsel to complete the supplemental record, however, appears to be a delay attributable to the State in that trial transcripts originally requested by counsel were not provided to the court with the other records in February 2009. The final supplemental record was filed with the court of appeals on August 19, 2009, completing the designated record that counsel had requested on September 8, 2008. Respondents state no reason for the delay. It appears that from February until August, about six months, an unjustified delay may be attributed to the state. *Harris II*, 15 F.3d at 1555 (citing **Rheuark v. Wade**, 549 F.2d 1282, 1283 (5th Cir. 1876) (remanding for district court to excuse exhaustion if fifteen-month delay in preparing transcript could not be justified).

Mr. Woods appears to assert ineffective assistance of counsel on page five of

his Reply, but the claims are disjointed and do not indicate whether Mr. Woods is referring to the ineffectiveness of trial or appellate counsel. Also, Mr. Woods does not address the conflict of interest referred to by his first appointed counsel from the Office of Alternate Defense Counsel in her motion to withdraw or state why he requested that the second appointed counsel withdraw. Furthermore, the court of appeals denied the second appointed counsel's motion to withdraw and directed counsel to inform Mr. Woods that if he sought to proceed without the second appointed counsel he would have to do so *pro se* because the court would not appoint new counsel. (Supp. Reply at Ex. II.) Without more, the Court finds that any delay based on a conflict of interest between counsel and Mr. Woods or the request by Mr. Woods for counsel to withdraw is attributed to Mr. Woods. It therefore appears that for at least three months, from September 25, 2009, when counsel filed a motion to withdraw due to Mr. Woods' request that she withdraw from the case, until December 30, 2009, when counsel submitted the opening brief, the time is attributed to delay caused by Mr. Woods.

The Colorado Court of Appeals granted each request submitted by appointed counsel on a timely basis, except possibly counsel's motion to hold briefing in abeyance to complete the supplemental record that was filed on April 6, 2009, but was not ruled on until May 29, 2009. The court of appeals also entered orders to show cause on two occasions when supplemental records were not provided including July 22, 2009, when the supplemental record was due on June 29, 2009, and on July 14, 2008, when the designated record was due on June 26, 2008. (Supp. Resp. at Exs. N and DD.) Mr. Woods' opening brief was filed on December 30, 2009, and an answer brief is due by June 1, 2010. Mr. Woods' direct appeal has not been abandoned by and is actively

pending in the Colorado Court of Appeals.

Although the direct appeal now has been pending for more than twenty-five months, and it is not clear why the State has been given five months to file a response, the delay is not inordinate or inexcusable. For at least seven of the twenty-five months Mr. Woods was responsible for the delay. As stated above, Mr. Woods submitted an inadequate request for designation of the record and requested substitution of counsel. Mr. Woods does not deny that he submitted the first request for a designation of the record without assistance of counsel and as a result caused an inadequate record to be designated and a delay of the receipt of trial transcripts in his appeal for at least three of the fourteen months that court reporters took to provide the record. Also, as stated above, Mr. Woods does not address why there was a conflict of interest with counsel and why he sought counsel to withdraw. Eleven months may be attributed to the state for a delay in providing the record, but only six of the months are not be justified. Furthermore, less than two months of delay may be attributed to the court of appeals' delay in ruling on the April 6 motion for abeyance filed by counsel. (*See* Ex. BB.) At most eight months may be attributed to the State for a delay in this case. The remaining time is attributable to Mr. Woods' counsel reviewing the records and preparing the opening brief.

Although attention should be given to the length of the appellate process and the length of the sentence when analyzing an inexcusable and inordinate delay, this factor is not always dispositive because some prisoners have a short sentence and even a reasonable delay may cause the prisoner to be released before an appeal is concluded. *See Harris v. Champion (Harris I)*, 938 F.2d 1062, 1067 (10th Cir. 1991). Here, Mr.

Woods was sentenced on February 25, 2008 to twenty-four months of incarceration at the El Paso County Jail to be served consecutive and prior to his sentence in his state criminal Case No. 05CR1843. Due to Mr. Woods' presentence credit, as early as October 28, 2008, he had completed his sentence in Case No. 07CR243, *see Woods v. El Paso County District Court*, No. 08-cv-02429 (D. Colo. Dec. 18, 2008) (address provided by Mr. Woods at time he signed complainton October 28, 2008 was Arkansas Valley Correctional Facility). Mr. Woods' sentences, however, are consecutive. He has a mandatory release date of June 23, 2011 in Case No. 05CR1843 with three years parole to be served once he is paroled (DOC Website at Inmate Locator). It does not appear that Mr. Woods will complete his sentence in Case No. 05CR1843 before he is able to exhaust his state court remedies.

Respondents, therefore, have rebutted the presumption that a delay of two years is an inordinate and deliberate delay. It would be beneficial to allow the state appeal process to be completed. Thus, Mr. Woods has not demonstrated that he should be excused from the exhaustion requirement or that his due process rights have been violated.

With respect to Claim Two, Respondents argue that Mr. Woods has failed to present this claim in his opening brief on appeal and that the claim will be procedurally defaulted unless he is permitted to amend his opening brief to present the claim. (Pre-Answer Resp. at 14.) Mr. Woods does not address this issue in his Reply. Because Mr. Woods' appeal is pending and he has the opportunity to seek permission to amend his opening brief, the Court will refrain from finding Claim Two barred from federal habeas review. Claim Two will be dismissed as unexhausted.

III. Conclusion

Based on the above findings, it is

ORDERED that Claim Three as it relates to Colorado Criminal Case No. 05CR1843 is denied and dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that Claims One and Two as they relate to Colorado Criminal Case No. 07CR243 are denied for failure to exhaust state court remedies and are dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Woods has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __24th__ day of __May__, 2010.

BY THE COURT:


__s/Philip A. Brimmer__
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02603-BNB

Clifford N. Woods
Prisoner No. 81438
CMC-FMCC
P.O. Box 300
Cañon City, CO 81215-0300

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/26/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk